# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**DAVID CHARLES SUSSMAN,**

    **Petitioner,**

v.                                  Case No. 4:20cv414-WS/MAF

**SECRETARY, DEPARTMENT OF CORRECTIONS,**

    **Respondent.**

_____/

## ORDER and
## REPORT AND RECOMMENDATION

On or about August 14, 2020, Petitioner David Charles Sussman, a state inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. After direction from this Court, ECF No. 3, he submitted an amended petition, ECF No. 4. On April 15, 2021, Respondent filed a motion to dismiss, with exhibits. ECF No. 15. Thereafter, Petitioner filed a Motion to Strike DOC's Motion to Dismiss and Motion for Order Directing DOC to Supplement Record with State DCA Court Documents. ECF No. 20. On June 21, 2021, Respondent filed a Response in Opposition to Petitioner's Motion for Order Directing Respondent to Supplement. ECF No. 21. Petitioner then filed a Motion for Sanctions. ECF No. 22.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases. The pleadings and attachments before the Court show the petition should be dismissed. *See* Rule 4, R. Gov. § 2254 Cases. An order addressing the other pending motions is also set forth below.

## Procedural Background

Petitioner David Charles Sussman indicates he challenges a disciplinary report, DR #125-161449, he received while incarcerated at the Northwest Florida Reception Center, which resulted in the loss of gain time. ECF No. 3. This DR is included in the exhibits supplied by Respondent and reflects that Sussman received the DR on October 31, 2016, for spoken or written threats. ECF No. 15-1 at 12. The Disciplinary Hearing Team (DHT) conducted a hearing on November 15, 2016. *Id*. at 13. Sussman was present at the hearing and plead "not guilty" to the charge. *Id*. The DHT found sufficient evidence, including the grievance form containing the written

statement, to sustain a finding of guilt. *Id*. The DHT ordered that Sussman spend twenty (20) days in disciplinary confinement and forfeit sixty (60) days of gain time.

Sussman filed a formal grievance regarding the DR on November 23, 2016. ECF No. 15-1 at 14. On December 12, 2016, the grievance was returned without action because it did not comply with Florida Administrative Code Rule 33-103.014(1)(b). ECF No. 15-1 at 15. Sussman was informed that he could refile the grievance if still within the allowable time provided by Rule 33-103.011. *Id*. On December 16, 2016, Sussman appealed the return of his formal grievance. ECF No. 15-1 at 21. On January 20, 2017, the appeal was returned without action because the formal grievance at the institutional level was in non-compliance. ECF No. 15-1 at 22.

On August 24, 2017, Sussman filed a petition for writ of mandamus in the state circuit court, seeking relief from the findings of the DHT regarding DR #125-161449. ECF No. 15-1 at 4. On September 1, 2017, the state court dismissed the petition because of sanctions issued in other state court actions involving Sussman, explaining Sussman "has previously been sanctioned from commencing any actions in this Court without

representation of counsel unless such action is a bona fide petition for habeas corpus relief" and Sussman had "instituted the instant action pro se, and it is not a bona fide petition for habeas corpus." ECF No. 15-1 at 27. In an opinion filed June 7, 2019, the First DCA reversed and remanded the previous sanctions order involving Sussman. <u>Sussman v. Dep't of Corr.</u>, 276 So. 3d 68 (Fla. 1st DCA 2019). On August 1, 2019, the First DCA per curiam affirmed Sussman's appeal, assigned case number 1D17-4070, of the state circuit court's dismissal of his writ of mandamus involving the DR at issue in this case. <u>Sussman v. Dep't of Corr.</u>, 284 So. 3d 423 (Fla. 1st DCA 2019) (table).

As indicated above, on or about August 14, 2020, Sussman filed in this Court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. After direction from this Court, ECF No. 3, he submitted an amended petition, ECF No. 4, in which he raises one ground asserting his "alleged threat is protected speech under the U.S. Const. 1st Amend," ECF No. 4 at 9.

Respondent has filed a motion to dismiss, with exhibits. ECF No. 15. Respondent first asserts that, although Sussman "did go through the process

of filing state actions and has no further remedies to seek in the state courts, he failed to properly do so, therein precluding the State Court from actually considering his claims by filing his petitioner there untimely." *Id*. at 5. In particular, Respondent asserts Sussman did not file his petition for writ of mandamus in the state circuit court within the thirty-day limitations period prescribed by section 95.11(8), Florida Statutes. *Id*. at 6. Respondent concludes that Sussman is therefore procedurally defaulted from raising his claim in this Court. *Id*. at 5-6.

Second, Respondent argues Sussman "failed to properly exhaust his available administrative remedies regarding his DR claim, and therefore is procedurally defaulted from raising that claim as the time to exhaust has elapsed." *Id*. at 7. In particular, Respondent asserts Sussman "failed to properly comply with the grievance rules" because he "filed a formal grievance that did not comply with Department rules, and therefore it was properly returned without action pursuant to Rule 33-103.014(1)(b), F.A.C." *Id*. at 10. Sussman's "subsequent appeal was accordingly properly returned without action as a result of the formal grievance being in non-compliance." *Id*. at 10-11. Respondent concludes that Sussman therefore

failed to properly exhaust his available administrative remedies prior to filing his petition before the State Court." *Id*. at 10. "As a result," asserts Respondent, Sussman's "claims were subject to dismissal for failure to exhaust available administrative remedies" and his "claims are subject to procedural default as he is well past the time to raise those claims before the State Courts on the merits." *Id*. at 11.

Petitioner filed a Motion to Strike DOC's Motion to Dismiss and Motion for Order Directing DOC to Supplement Record with State DCA Court Documents, ECF No. 20, to which Respondent has filed a Response in Opposition, ECF No. 21. Petitioner then filed a Motion for Sanctions. ECF No. 22.

## Analysis

A state prisoner may seek federal habeas review of the loss of gain time as a result of a state prison disciplinary proceeding. *See, e.g.*, Smith v. Sec'y, Fla. Dep't of Corr., 432 F. App'x 843 (11th Cir. 2011). Pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), federal courts may grant habeas corpus relief for persons in state custody. Section 2254(d) provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  *See, e.g.,* Cullen v. Pinholster, 563 U.S. 170, 180-83 (2011); Gill v. Mecusker, 633 F.3d 1272, 1287-88 (11th Cir. 2011).  "This is a 'difficult to meet' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'"  Cullen, 563 U.S. at 181 (quoting Harrington v. Richter, 562 U.S. 86, 102 (2011), and Woodford v. Visciotti, 537 U.S. 19, 24 (2002)).  This Court's review "is limited to the record that was before the state court that adjudicated the claim on the merits."  *Id*.

Importantly, an application for writ of habeas corpus "shall not be granted unless it appears that" the applicant "has exhausted the remedies available in the courts of the State.  28 U.S.C. § 2254(b)(1)(A).  The statute

provides that an applicant has not exhausted state remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, a petition must be promptly examined and if it "plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

To properly exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). It is well settled that, absent extraordinary circumstances, a federal court will not decide the merits of § 2254 claims until the claims have been exhausted in state court. 28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509 (1982); Picard v. Conner, 404 U.S. 270, 275 (1971).

In this case, as Respondent asserts, Sussman did not properly exhaust his available administrative remedies regarding the DR. An inmate must exhaust "all other remedies, including administrative remedies" before filing a federal petition for habeas corpus. Williams v. McDonough, No.

4:06cv142-WS, 2007 WL 3046748, at *2 (N.D. Fla. Oct. 18, 2007) (Order Adopting Report and Recommendation).  Exhausting available administrative remedies requires compliance with all the steps the agency provides within its grievance system.  *See* Woodford v. Ngo, 548 U.S. 81, 90-91 (2006).  The administrative remedy available to Florida inmates is the Department of Corrections' procedure set forth in Chapter 33-103, Florida Administrative Code.  When challenging disciplinary action, an inmate submits a formal grievance directed to the warden or assistant warden of the institution.  Fla. Admin. Code R. 33-103.006.  The inmate may then appeal to the Office of the Secretary of the Department.  Fla. Admin. Code R. 33-103.007.  The Department's procedures specify the manner in which grievances must be filed and provide time limits for doing so.  *See* Fla. Admin. Code R. 33-103.011.

Here, as Respondent indicates, Sussman filed a formal grievance on November 23, 2016, regarding the DR issued November 15, 2016, but that grievance did not comply with the Department's rules and, accordingly, the Department returned the grievance without action, pursuant to Florida Administrative Code Rule 33-103.014(1)(b).  *See* ECF No. 15-1 at 13, 14, 15; ECF No. 15 at 10.  Specifically, the Department's response states:

> Your request for administrative appeal is in noncompliance with Chapter 33-103, Inmate Grievance Procedure.
>
> As your appeal is so broad, general, and vague in nature that it cannot be clearly reviewed, evaluated, and responded to, and/or your appeal is not written legibly and cannot be clearly understood. Your appeal should present only the specific facts and circumstances related to your complaint. If you do not understand the grievance procedure, you should seek the assistance of another inmate or staff member.
>
> Based on the foregoing information, your appeal is RETURNED without action.
>
> YOUR GRIEVANCE IS RETURNED WITHOUT FURTHER PROCESSING PER CH 33-103.014(1)(b). The grievance is so broad, general or vague in nature that it cannot be clearly investigated, evaluated and responded to. If you desire administrative review of your complaint, you may refile utilizing the proper procedure or correct the stated deficiency and refile if upon receipt of this notification the filing is within time frames allowable set forth in 33-103.011.

ECF No. 15-1 at 15. This response is dated December 12, 2016. *Id*. Rather than re-filing with the Warden in compliance with the response, Sussman proceeded to the third step and, on December 16, 2016, submitted an appeal to the DOC Secretary. ECF No. 15-1 at 21; *see* R. 33-103.011 (providing time frames for inmate grievances and providing, in subsection (2), an opportunity for an extension of time "when re-filing a grievance after correcting one or more deficiencies cited in rule 33.103.014, F.A.C."). That appeal was returned without action:

Case No. 4:20cv414-WS/MAF

> Your administrative appeal to this office is in non-compliance with Chapter 33-103, Inmate Grievance Procedure, because your grievance at the institutional level was determined to be in non-compliance with the requirements of the rule.
>
> Your request for administrative appeal is being returned without action.

ECF No. 15-1 at 22. The response containing the appeal return is dated January 11, 2017, and it was filed with the agency on January 20, 2017. *Id*.

Thus, Petitioner Sussman did not properly exhaust his administrative remedies as to the DR at issue here. His administrative grievance directed to the Warden at the institutional level was returned for non-compliance with the applicable rules and, instead of attempting to correct it, he proceeded on to appeal to the DOC, which appropriately returned his request without action because his institutional level grievance did not comply with the rules.

Although he did not properly exhaust his administrative remedies, Sussman then proceeded to file a petition for writ of mandamus in the state circuit court, evidently in an attempt to exhaust his state court remedies. As Respondent asserts, this petition was untimely as it was filed on August 24, 2017, and should have been filed on or before Monday, February 20, 2017, the expiration of the thirty-day time period set forth in section 95.11(8), Florida Statutes. As explained previously, ultimately, on August 1, 2019,

the First DCA per curiam affirmed Sussman's appeal of the state circuit court's dismissal of his writ of mandamus involving the DR at issue in this case. Sussman v. Dep't of Corr., 284 So. 3d 423 (Fla. 1st DCA 2019) (table). Given the above analysis, Respondent's exhaustion arguments are well-taken and the motion to dismiss should be granted.

Even assuming Sussman properly exhausted his administrative and state court remedies, his argument here lacks merit. In the only ground raised in his § 2254 petition, Sussman asserts that his "alleged threat is protected speech" under the First Amendment. ECF No. 4 at 9. It is uncontested that Sussman wrote the following on a grievance form submitted to the prison warden:

> Ms. L. Martin's lies are so pathetic, they're laughable. The only call out I was on was on Wed 10/5/16, but I was already in confinement, but, as usual, nobody came to do legal mail. **For telling such shameful lies, Martin should be put in Old Sparky, and FRIED**!

ECF No. 15-1 at 11 (bold emphasis added). This is the statement that resulted in the DR at issue here and which Sussman contends is protected speech.

"Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the

considerations underlying our penal system." Price v. Johnston, 334 U.S. 266, 285 (1948). "In the First Amendment context a corollary of this principle is that a prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Pell v. Procunier, 417 U.S. 817, 822 (1974). Accordingly, the Supreme Court has held that "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987). "[S]uch a standard is necessary if 'prison administrators . . . , and not the courts, [are] to make the difficult judgments concerning institutional operations.'" Id. (quoting Jones, 433 U.S. at 128). Thus, "[p]rison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Bell v. Wolfish, 441 U.S. 520, 547 (1979).

"Common sense alone requires the conclusion that a restriction preventing inmates from threatening other inmates or the facility's staff passes constitutional muster." Nicholas v. Raro, No. 95-CV-379H, 1997 WL 255291, at *3 (W.D.N.Y. Apr. 7, 1997) (Decision and Order). "Given the

legitimate penological interest in maintaining security and order, the decision as to whether a particular statement is a 'threat' is best left . . . to the hearing process." *Id*. at *4. Prison officials are in a better position to determine the nature of Plaintiff's statement and courts "should not second-guess the expert administrators on matters on which they are better informed." Bell, 441 U.S. at 544; see, e.g., Owens v. Leavins, No. 5:05cv228-SPM/EMT, 2007 WL 1141505, at *5 (N.D. Fla. Apr. 17, 2007) (Report and Recommendation) ("[I]f Plaintiff's statement to Defendant constituted disrespectful language or a threat, Plaintiff cannot state a First Amendment claim because he has not engaged in any constitutionally protected expression. . . . [T]he court cannot conclude that the disciplinary team was unreasonable in determining that Plaintiff's statement requesting Defendant's name and contact information, prior to informing her that he would sue if he was injured while working in food service, was a threat.").

Moreover, the U.S. Supreme Court has held that "revocation of good time does not comport with the 'minimum requirements of procedural due process' unless the findings of the prison disciplinary board are supported by some evidence in the record." Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455-56 (1985). In particular, the Court explained:

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

*Id*. at 455; *see, e.g.*, Young v. Jones, 37 F.3d 1457, 1460 (11th Cir. 1994) (explaining that federal courts should not be "judging and reweighing the evidence presented in a prison disciplinary hearing"; rather, the "role of this court is to determine whether an inmate receives the procedural protections provided by Wolff [v. McDonnell, 418 U.S. 539 (1974),] and whether 'some evidence' exists which supports the hearing officer's determination"); Stewart v. Thigpen, 730 F.2d 1002, 1005-06 (5th Cir. 1984) (explaining "narrow role" of federal courts "in reviewing prison proceedings").

In this case, Sussman's own written statement constituted evidence before the DHT that supported the panel's decision, and the panel's factual findings are entitled to deference. ECF No. 15-1 at 11. Given all of the foregoing, if considered on the merits, Sussman's claim that his speech was protected should be rejected and his § 2254 petition denied.

## **Order on Pending Motions**

As referenced above, Petitioner Sussman has filed a Motion to Strike DOC's Motion to Dismiss and Motion for Order Directing DOC to Supplement

Record with State DCA Court Documents, ECF No. 20, to which Respondent has filed a Response in Opposition, ECF No. 21. Petitioner has also filed a Motion for Sanctions. ECF No. 22. These motions are addressed below and disposed of by order.

In the Motion to Strike, Sussman asserts Respondent's argument regarding his failure to exhaust should be raised in an answer, not in a motion to dismiss. ECF No. 20 at 1. Sussman therefore concludes that the Court should strike Respondent's motion to dismiss "so it may be amended accordingly." *Id*. The Court has addressed Respondent's motion, *supra*, and, accordingly, Sussman's Motion to Strike is denied.

In the Motion for Order Directing DOC to Supplement the Record, Sussman asserts Respondent "neglected to include" in its exhibits four documents from First DCA case number 1D17-4070, specifically his motion for rehearing en banc, his amended/supplemental motion for rehearing, and two DCA orders denying those motions. ECF No. 20 at 1-2. The Court finds these motions and orders are not necessary for disposition of this case and, therefore, the Motion for Order Directing DOC to Supplement the Record is denied.

The Court notes that in the "wherefore" section of his Motion to Strike DOC's Motion to Dismiss and Motion for Order Directing DOC to Supplement Record with State DCA Court Documents, ECF No. 20, Sussman also requests "60 more days from the date he receives those [supplemental record] documents to file his Reply." *Id*. at 2. The Court also notes that it had already given Sussman an extension of time to reply. *See* ECF No. 17. Given that the Court has denied the motion to supplement, and the Court has already thoroughly addressed all the pertinent issues, *supra*, no reply is necessary as it would not change the Court's rulings herein.

In his Motion for Sanctions, Sussman takes issue with statements made by Respondent in opposition to his Motion for Order Directing DOC to Supplement the Record. ECF No. 22. This motion is denied.

Accordingly, it is **ORDERED**:

1. Petitioner's Motion to Strike DOC's Motion to Dismiss and Motion for Order Directing DOC to Supplement Record with State DCA Court Documents, ECF No. 20, are **DENIED**.

2. Petitioner's Motion for Sanctions, ECF No. 22, is **DENIED**.

## Conclusion

Based on the foregoing, it is respectfully **RECOMMENDED** that Respondent's motion to dismiss, ECF No. 15, be **GRANTED**, and Petitioner's amended § 2254 petition, ECF No. 4, be **DISMISSED**.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to

whether a certificate should issue by filing objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied. See Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

### Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (ECF No. 15) be **GRANTED** and the amended § 2254 petition (ECF No. 4) be **DISMISSED**.   It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on August 23, 2021.

S/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.**