**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**DAVID CHARLES SUSSMAN,**

    **Petitioner,**

v.     Case No. 4:20cv414-WS/MAF

**SECRETARY, DEPARTMENT OF CORRECTIONS,**

    **Respondent.**

_____/

## REPORT AND RECOMMENDATION

Petitioner David Charles Sussman has filed a Motion for Release on Recognizance While Pending Appeal and Motion to Convert § 2254 Proceeding to a 28 U.S.C. § 2241 Proceeding, with exhibits. ECF No. 46. By order on May 11, 2022, this Court directed Respondent to file a detailed response to Sussman's motion on or before May 31, 2022, and allowed Sussman until June 11, 2022, to file a reply, if any. ECF No. 48.

Thereafter, on May 17, 2022, Sussman filed a "Motion to Hear & Rule on His Motion for Release on His Own Recognizance (MFROR) He Mailed to this Court on 4/29/2022; and Notice of Supplemental Authority to Said MFROR." ECF No. 49. In this filing, among other things, Sussman asserts he "has less than 101 days left to serve of his 20 year sentence, 60 days of

which he is fighting to get back sub judice" and "he respectfully asks this Honorable Court to hold a hearing, and rule on his MFROR forthwith." *Id*. at 1.

Respondent did not file anything until June 2, 2022, when a notice of appearance was filed by a different attorney for Respondent, ECF No. 50, as well as a motion for extension of time, ECF No. 51. In the motion, new counsel for Respondent indicated that "[t]his case has recently been reassigned to undersigned following the reassignment of former counsel to other administrative duties and that counsel's case load being reassigned." ECF No. 51 at 1. Counsel explained that "in the confusion of reassignment, a calendaring error occurred resulting in undersigned failing to file a response by the May 31, 2022, deadline." *Id*. at 1-2. Counsel further explained that "[a]s a result, undersigned counsel was not aware of the Reply due date until after the due date to reply to the Motion for Release on Recognizance had passed" and "[s]uch actions should constitute excusable neglect." *Id*. at 2. Counsel indicated that "[c]ounsel for Defendant has immediately begun investigating the claims included and currently in the process of obtaining more information in order to respond to Plaintiff's motion." *Id*. at 2. Counsel asserted that "additional time is necessary for

counsel to investigate and draft a reply to this Court's order" and "respectfully requests an extension of thirty (30) days to complete this process and prepare a proper reply." *Id*. at 2-3.

By order on June 3, 2022, ECF No. 52, this Court granted the extension in part and allowed Respondent until June 14, 2022, to file a detailed response to both of Petitioner Sussman's pending motions, ECF Nos. 46 and 49. The Court also allowed Petitioner until June 21, 2022, to file a reply, if any. ECF No. 52.

On June 14, 2022, Respondent filed a second motion for extension of time. ECF No. 53. This motion contained many of the same assertions as the first motion for extension of time. *Compare* ECF No. 53 *with* ECF No. 51. As with the first motion, counsel for Respondent asked for an additional thirty (30) days to file the response. ECF No. 53 at 3.

This Court's first order directing a response allowed Respondent twenty (20) days, until May 31, 2022, to submit the filing. ECF No. 48. As indicated above, Respondent missed that deadline and then requested thirty (30) days to file the response; this Court granted the request in part, allowing another two weeks, until June 14, 2022, to submit the filing. ECF No. 52. On June 14, Respondent again asked for thirty (30) more days. ECF No. 53.

The undersigned expressed concern that Respondent did not appreciate the time constraints in this case, noting the Department of Corrections' website indicates Petitioner's release date as August 26, 2022, and his petition challenges the loss of sixty (60) days of gain time for a disciplinary infraction. ECF No. 54. By order on June 21, 2022, the undersigned granted Respondent's second requested extension in part and allowed Respondent until July 1, 2022, to file a detailed response to both of Petitioner Sussman's pending motions. *Id*. Petitioner had until July 11, 2022, to submit a reply, if any. *Id*.

In the meantime, on June 20, 2022, Petitioner submitted for mailing his "Objection to Ext. of Time," "Motion for Default Judgment and Sanctions," and "Blind Reply to DOC's Response to His Motion to for Release on Recognizance," explaining that he would not receive Respondent's response in time to file a reply before his due date. ECF No. 55. On July 1, 2022, Respondent filed a response. ECF No. 57. On July 5, 2022, Petitioner submitted for mailing a "Second Motion to Hear and Rule on ECF No. 46; and alternatively, Motion for Evidentiary Hearing; and Motion to Transport." ECF No. 58. In this filing, among other things, Petitioner indicates he will

not be submitting another reply and will rely on his previous filings at ECF Nos. 46, 49, and 55. ECF No. 58.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases. The pleadings and attachments before the Court show Petitioner has not demonstrated entitlement to release pending appeal or the conversion of his § 2254 proceeding to one under § 2241. Therefore, his pending motions should be denied.

## Analysis

As indicated in this Court's earlier Report and Recommendation, ECF No. 24 at 2, Petitioner Sussman challenged a disciplinary report, DR #125-161449, he received for spoken or written threats, which resulted in the loss of gain time. *See* ECF No. 4 (amended petition). In that Report and Recommendation, this Court found Sussman did not properly exhaust his available administrative remedies. ECF No. 24 at 9-11. Specifically, this Court found that Sussman's administrative grievance directed to the Warden

was returned for non-compliance with applicable rules and, instead of attempting to correct it, Sussman appealed to the Department of Corrections, which appropriately returned his request without action because the institutional level grievance did not comply with the rules. ECF No. 24 at 11. Further, even though he had not properly exhausted administrative remedies at the institutional level, Sussman then filed a petition for writ of mandamus in the state circuit court and this petition was untimely. *Id*. The circuit court dismissed the petition, Sussman appealed, and the First District Court of Appeal per curiam affirmed the case, number 1D17-4070. *See id*. at 11-12; Sussman v. Dep't of Corr., 284 So. 3d 423 (Fla. 1st DCA 2019) (table).

This Court also determined that, even assuming Sussman had properly exhausted his administrative and state court remedies, his only ground lacked merit. ECF No. 24 at 12. Specifically, Sussman asserted his "alleged threat is protected speech" under the First Amendment. ECF No. 4 at 9. It is uncontested that Sussman wrote the following on a grievance form submitted to the prison warden:

> Ms. L. Martin's lies are so pathetic, they're laughable. The only call out I was on was on Wed 10/5/16, but I was already in confinement, but, as usual, nobody came to do legal mail. **For telling such shameful lies, Martin should be put in Old Sparky, and FRIED**!

Page **7** of **15**

ECF No. 15-1 at 11 (bold emphasis added). This statement, which Sussman contends is protected speech, resulted in the DR at issue. The undersigned explained that a prison regulation that impinges on inmates' constitutional rights is valid if reasonably related to legitimate penological interests, and prison administrators should be afforded great deference in executing policies needed to preserve order and maintain security. ECF No. 24 at 13. The undersigned concluded Sussman's own written statement constituted evidence supporting the disciplinary panel's decision, thus he had received the appropriate procedural protections, the panel's factual findings were entitled to deference, and his First Amendment claim should be rejected. ECF No. 24 at 14-15.

By order on November 19, 2021, the district judge adopted the Report and Recommendation. ECF No. 34. The district judge pointed out that "[w]hether the language used in Petitioner's grievance is construed as threatening or simply disrespectful, Respondent's issuance of a disciplinary report based on that language did not violate Petitioner's constitutional rights." *Id*. at 2. The district judge noted that Rule 33-601.314, Florida Administrative Code, prohibits "[s]poken, written, or gestured threats" as well as "[d]isrespect to officials, employees, or other persons of constituted

authority expressed by means of words, gestures, and the like." ECF No. 34 at 2, n.1.

Sussman has appealed the district judge's order dismissing his § 2254 petition. His appeal, assigned case number 22-10350, remains pending in the Eleventh Circuit Court of Appeals, which granted him a Certificate of Appealability on two issues:

> (1) Whether the district court erred in dismissing Sussman's 28 U.S.C.§ 2254 habeas corpus petition on procedural grounds?; and
>
> (2) Whether the district court violated *Clisby v. Jones*, 960 F.2d 925 (11thCir. 1992) (en banc), by failing to address Sussman's assertion that his statement, for which he received a disciplinary report, was not a true threat, in violation of his First Amendment rights?

ECF No. 47 at 3. Sussman's initial brief is currently due August 1, 2022.

"The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). *See, e.g.*, Doe v. Bush, 261 F.3d 1037, 1064 (11th Cir. 2001) ("[A]s a general rule, the filing of a notice of appeal divests the district court of jurisdiction over those aspects of the case that are the subject of the appeal."). The filing of a


notice of appeal "does not prevent the district court from taking action 'in furtherance of the appeal.'. . . [or] entertaining motions on matters collateral to those at issue on appeal." Mahone v. Ray, 326 F.3d 1176, 1179 (11th Cir. 2003).

Federal Rule of Appellate Procedure 23(b) addresses detention or release pending review of a decision not to release and provides:

> While a decision not to release a prisoner is under review, the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court, may order that the prisoner be:
>
> (1) Detained in the custody from which release is sought;
>
> (2) Detained in other appropriate custody; or
>
> (3) Released on personal recognizance, with or without surety.

The Eleventh Circuit has recently considered and denied, on May 24, 2022, Sussman's motion seeking the same relief he seeks here. ECF No. 57, Ex. C. This Court likewise should deny Sussman's motion seeking release on personal recognizance during the pendency of the appeal.

Sussman has not demonstrated a likelihood of success on the merits of a substantial constitutional claim and, even if he had, he has not shown any extraordinary or exceptional circumstances that would merit release pending his appeal. See, e.g., Gomez v. United States, 899 F.2d 1124,

1125 (11th Cir. 1990) (setting forth standard for granting release pending outcome of habeas petition: "A prisoner seeking release pending habeas corpus can be granted bail under two sets of circumstances: first, he must demonstrate a likelihood of success on the merits of a substantial constitutional claim; second, extraordinary and exceptional circumstances must exist which make the grant of bail necessary to preserve the effectiveness of the habeas corpus relief sought."); <u>Prozer v. United States</u>, No. 8:14cv1347-T-33EAJ/No. 8:11cr202-T-33EAJ, 2016 WL 11650585, at *2 (M.D. Fla. April 26, 2016) (district judge order denying release during pending appeal of denial of § 2255 and explaining "courts have inherent authority to grant release to a petitioner while a Section 2255 proceeding is pending" but that power "should be used sparingly," but finding Prozer had shown "neither a substantial claim of law based on the facts surrounding his petition nor the existence of some circumstance making the motion for bail exceptional and deserving of special treatment in the interests of justice": "This Court has already denied Prozer's claims, and the majority of this Court's decisions have been explicitly upheld by the Eleventh Circuit as entirely appropriate. While there are two claims on which the Eleventh Circuit has granted a certificate of appealability . . ., the Eleventh Circuit has

Case No. 4:20cv414-WS/MAF

not indicated that Prozer would be likely to prevail on those issues." (citations omitted)).

As Respondent indicates, Petitioner currently has an overall negative balance of 184 days of gain time. ECF No. 57 at 5; *see* ECF No. 57, Ex. B (Declaration of Sherri Starling, Release Officer at Florida State Prison). Thus, even if Petitioner prevails in the appeal and is awarded the 60 days of gain time he lost as a result of DR #125-161449, he would still have a negative gain time balance of 124 days and his release date would not change. See ECF No. 57, Ex. B.

In addition, assuming this Court has jurisdiction to consider Sussman's request to convert this proceeding to one under § 2241, such petition – even if labeled as one under § 2241 – would remain governed by the restrictions in 28 U.S.C. § 2254 because Sussman is in custody pursuant to a state court judgment. See Medberry v. Crosby, 351 F.3d 1049, 1054 (11th Cir. 2003) (reviewing denial of habeas petition filed by state prisoner challenging prison discipline: "Unfortunately, the relatively simple issue of whether Appellant's petition should be evaluated under § 2241 or § 2254 has become complicated, if only in appearance. . . . Today we clear up some of the confusion and hold that, although Appellant's petition is authorized by

§ 2241, it also is governed by § 2254 because Appellant is 'in custody pursuant to the judgment of a State court.'").   Although a state prisoner such as Sussman may file a habeas petition "as authorized by § 2241," challenging prison disciplinary proceedings, "they are limited by § 2254" and "[w]hen a state prisoner's petition falls within the ambit of § 2254, the prisoner is subject to that section's restrictions."  Id. at 1061.  The Eleventh Circuit has explained that in cases such as this, a state prisoner challenging a DR, "§§ 2241 and 2254 . . . govern[] a single post-conviction remedy."  Id. at 1060.  Thus, changing Sussman's petition from one under § 2254 to one under § 2241 appears unnecessary, particularly at this stage, as well as inconsequential.  See Thomas v. Crosby, 371 F.3d 782, 787-88 (11th Cir. 2004) ("A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition.   If the terms of § 2254 apply to a state habeas petitioner – i.e., if he is 'in custody pursuant to the judgment of a State court' – then we must apply its requirements to him.  Appellant's case [challenging state parole decision] is hardly unusual.   His petition for a writ of habeas corpus is governed by both § 2241 and § 2254. . . . Appellant's use of the § 2241 form . . . raised an issue of whether he could somehow proceed under § 2241 separate and apart from § 2254.   We

apply our decision in Medberry . . . and hold that Appellant's petition is subject to both § 2241 and § 2254. The district court therefore did not err in applying § 2254 to Appellant's petition."); Peoples v. Chatman, 393 F.3d 1352 (11th Cir. 2004) (citing Medberry and Thomas, and affirming dismissal of time-barred habeas corpus petition brought by state prisoner pursuant to § 2241, but treated by magistrate judge as § 2254 petition: "Peoples' petition was properly brought under § 2241 but it was governed by and subject to the rules and restrictions found in § 2254).

## Conclusion

Petitioner Sussman has not shown entitlement to release while his appeal is pending, or to have his § 2254 habeas corpus petition, the denial of which is the subject of the pending appeal, converted to a § 2241 habeas corpus proceeding. Therefore, it is respectfully **RECOMMENDED** that Petitioner's pending motions, ECF Nos. 46 and 49, as well as ECF Nos. 55 and 58, be **DENIED**.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the

applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability. The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether a certificate should issue by filing objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is respectfully **RECOMMENDED** that Petitioner's motions, ECF No. 46, 49, 55, and 58, be **DENIED**. It is further **RECOMMENDED** that a

certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on July 14, 2022.

> S/ Martin A. Fitzpatrick
> **MARTIN A. FITZPATRICK**
> **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.